IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
          )
         Plaintiff,   )
          )
-vs-          )    Case No. CR-02-36-F
          )
TONY DUONG,      )
          )
       Defendant.  )

## <u>ORDER RE DISCOVERY WITH RESPECT TO § 2255 MOTION</u>

On January 5, 2006, the court conducted a discovery conference in this case. The purpose of the conference was to provide counsel with an opportunity to make such arguments and representations as they might deem necessary with respect to the discovery requests which have been made on behalf of the defendant Tony Duong in support of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

At the hearing, the government appeared by Assistant U.S. Attorney Randal A. Sengel, and the defendant appeared by his counsel, Stephen Jones. The court began the hearing by summarizing on the record the court's analysis of the general principles which govern discovery in this § 2255 proceeding. The court then heard the arguments and representations of counsel. The court noted at the hearing that Rule 6 of the Rules for § 2255 Proceedings states that the court may, for good cause,

authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure.[1]

The hearing resulted in substantial clarification of the discovery sought by the defendant. The items as to which discovery is sought, as discussed at the hearing, are addressed as follows:

1.    Information relating to Tan Do.  In connection with the defendant's claims of ineffective assistance of counsel, the defendant has asserted entitlement to discovery with respect to Tan[2] Vuong Do. Mr. Do was indicted in the Eastern District of Louisiana for pseudoephedrine-related offenses on December 8, 2000. Mr. Do entered a plea of guilty in the Eastern District of Louisiana case in May, 2001. Mr. Do was interviewed as a confidential informant in Oklahoma City, in matters relating to Mr. Duong, on August 7, August 22, and October 15, 2001 and, apparently for the last time, February 6, 2002. Mr. Do was due to be sentenced in the Eastern District of Louisiana on the day after the February 6 interview, but he fled. The government represents that Mr. Do remains a fugitive. Mr. Duong was indicted in this case on March 5, 2002, one month after Mr. Do fled. Mr. Duong was convicted in this case on August 22, 2002.

---

[1]  The government had earlier stated to the court that, although it does not agree that "good cause" has been shown, the court could regard a letter which had been written by counsel for Mr. Duong, dated September 22, 2005 (attached as an exhibit to Defendant's Unopposed Motion for Continuance of Hearing on the Merits, filed on November 14, 2005 [Doc. No. 122], herein: September 22 letter), as an appropriate formal request for the documents sought by Mr. Duong. The court proceeds on that basis.

[2]  Mr. Do's first name has been spelled two ways in various papers in this case: Tam and Tan. His name was spelled "Tan" in his indictment in the Eastern District of Louisiana (Case No. CR-00-387), and the U.S. Marshal for that district also spells his name that way. *See,* http://www.usdoj.gov/marshals/district/la-e/fugitives/dtv.pdf. The court will do likewise, except where a quotation uses the other spelling.

The defendant asserted at the January 5, 2006 hearing that, for purposes of this § 2255 motion, he is entitled to discover Mr. Do's status vis-a-vis the government while Mr. Do was employed by Mr. Duong.  It may be gleaned from the memorandum in support of Mr. Duong's § 2255 motion (Doc. No. 105, filed March 16, 2005, herein: Memorandum) that this discovery is sought, perhaps among other reasons, for the purpose of establishing that the crime involved in this case was manufactured by the government through its agent Tan Do, or that the government effectively withheld exculpatory evidence by not disclosing the identity and whereabouts of Mr. Do before the August, 2002 trial, or that (assuming, as the record suggests, that Mr. Duong's counsel did know who the confidential informant was before the August, 2002 trial), the government has some culpability, or at least complicity, in making Mr. Do unavailable for Mr. Duong's trial.

Defendant's articulation of the basis upon which discovery is sought with respect to Tan Do is less than compelling.  However, it is too early to address the merits of defendant's contentions with respect to Mr. Do.  The issue at hand is whether the defendant has articulated a basis for relief that would take his professed need for discovery relating to Mr. Do outside of the realm of sheer speculation.  The court concludes that defendant has accomplished that, even if just barely.

As to Mr. Do, defendant seeks an order directing agencies (mentioned by Mr. Duong's counsel at the hearing were U.S. Immigration and Customs Enforcement, Internal Revenue Service, the U.S. Drug Enforcement Administration, and the U.S. Marshals Service) that may have information about efforts to apprehend Mr. Do to provide their accounts of efforts to apprehend Mr. Do after he fled and before the end of Mr. Duong's trial.  This the court declines to do, other than to the limited extent set forth below, because no showing has been made which would justify the extensive and disruptive measures proposed by defendant, at least at this point.

At the hearing, counsel for Mr. Duong expressed doubt that Mr. Duong has left the United States.  Accordingly, the court will start with the federal agency charged with primary domestic responsibility for apprehending federal fugitives – the U.S. Marshals Service.  In lieu of permitting counsel for Mr. Duong to depose a designated representative of the U.S. Marshals Service (a step which would be authorized by Rule 6 but, at least at this point, does not appear to be warranted), the government is **DIRECTED** to provide to counsel for Mr. Duong a written description of the efforts, known to or reasonably ascertainable by the responsible personnel of the relevant district office of the U.S. Marshals Service, which were made to apprehend Mr. Do between February 5 and August 22, 2002.[3]  This written description will be provided not later than January 23, 2006.  After that report is provided, Mr. Duong may seek further discovery if that appears to be warranted.

2.  <u>Information about Larry Petit and OTC</u>.  Mr. Duong next seeks "[a]ll DEA six reports and evidence regarding the investigation of Larry Petit and OTC." September 22 letter, at 1.  For this purpose, counsel for Mr. Duong defines "evidence" as tangible objects, memoranda, e-mails, air-tels, faxes, notes of phone and/or oral conversations, and interviews of witnesses.  *Id.*  This request is **DENIED**.  The court does not discern from the Memorandum, or from anything articulated at the January 5 hearing, an adequate basis upon which to compel production of these materials. (This is, of course, aside from the fact that the record reflects that Mr. Duong already has long had some informative materials relating to Larry Petit and his company, OTC.)

---

[3]  The relevant district office is presumably the Eastern District of Louisiana.  The court notes that, at this writing, Mr. Do is one of only two fugitives featured at the website of that office. *See,* http://www.usdoj.gov/marshals/district/la-e/fugitives/dtv.pdf.

3.  <u>Discovery materials from the Tan Do case</u>.  The next item requested by Mr. Duong is "[a]ll evidence from Tam Do's federal case in Louisiana."  September 22 letter, at 2.  At the January 5 hearing, this request was narrowed to encompass only the materials which would have been discoverable on behalf of Mr. Do in the criminal case which was initiated against him in the Eastern District of Louisiana by way of the indictment filed in that court (Case No. CR-00-387) on December 8, 2000.  On that basis, the government announced, at the January 5 hearing, that it does not oppose this request.  The government is **DIRECTED** to provide the responsive materials not later than January 30, 2006.  If practical difficulties are encountered as a result of any impairment of the capabilities of the relevant offices in the Eastern District of Louisiana, counsel for the plaintiff shall promptly so notify counsel for the defendant so that those matters may be resolved by agreement if at all possible (failing which the court will address the matter further, if necessary).

4.  <u>Aliases of Tan Do</u>.  The defendant next seeks:  "any investigation into the aliases of Tam Do."  Presumably, this is meant to refer to *documents reflecting* any investigation into the aliases of Tan Do.  The Memorandum provides only general guidance as to the reasons for which those materials should be discoverable in this § 2255 proceeding.  This item was barely touched on by counsel for Mr. Duong at the January 5 hearing.  With one exception, this request is **DENIED**.  The exception is that the written description from the United States Marshals Service, which the government is directed by this order to provide (see paragraph 1, above), shall include a statement of the aliases of Mr. Do which are known to the United States Marshals Service.

5.  <u>Information about Mr. Petit's relationship with the government</u>.  In paragraph 15 of the September 22 letter, defendant requested discovery as follows:

> Evidence relating to any federal or state criminal investigation into the activities of Larry Petit in the five (5) years proceeding [sic] the return of the indictment against Tony Duong, including evidence that in the twenty-four (24) months prior to the indictment either Larry Petit or Tam Do (regardless of name used) was an informant, cooperating victim, "asset" or individual working or reporting to any agent of the federal government on matters involving the sale, distribution or acquisition of a controlled dangerous substance and/or precursors of the same grade as pseudoephedrine.

This request was substantially narrowed at the January 5 hearing.  At the January 5 hearing, counsel for the defendant stated that what he wanted to know was whether, during the investigation of Tony Duong, Mr. Petit was a "cooperating contact with the federal government," and, if he was, what his instructions were with respect to customers who desired to purchase pseudoephedrine.

This request must be considered against the backdrop of several salient factors. First, before this case was tried in August, 2002, the defendant's counsel had been provided a significant amount of material relating to Mr. Petit, and relating in particular to the information provided by Mr. Petit about Mr. Duong and his activities. Secondly, nothing has been presented to this court which would suggest that any information about Mr. Petit which was not produced would have been discoverable, either under Rule 16 of the Federal Rules of Criminal Procedure or under <u>Brady</u>.  If the threshold showing which has not so far been made should later be made (specifically, articulation of a basis, grounded in something more than mere speculation, for a suggestion that discoverable information about Mr. Petit was not produced or that the facts surrounding Mr. Petit's relationship with the government would, in some way  – even though not discoverable under conventional discovery rules prior to the August, 2002 trial of this case –  have provided a basis for an attack on the indictment in this case), those matters can certainly be addressed by the court.

6

However, no threshold showing has been made which would support the additional discovery now sought by Mr. Duong.

CONCLUSION

This order imposes no onerous requirements on the government, and the court expects that the government will proceed promptly and diligently to provide the information it is by this order required to provide.  The court is concerned about the proximity of the hearing date, particularly in light of the fact that the hearing has previously been continued and because some witnesses may have other important demands on their schedules.  Counsel should not assume that the hearing date will again be postponed.  However, the court does desire to be notified promptly of any difficulties that may make the present setting problematic.

DATED January 10, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0036p039(pub).wpd